## Alfonso's License.    Appeal of Antonio D. Alfonso.

*Liquor law—Refusal of license—Presumption of regularity of proceedings.*

The presumption is that a petitioner for a liquor license was accorded a full hearing and that the refusal of a license was for a legal reason, and where there is nothing on the record to show the contrary the order of refusal of the license is not reviewable on appeal.

Argued Oct. 12, 1899.   Appeal, No. 123, Oct. T., 1899, by Antonio D. Alfonso, from order of Q. S. Phila. Co., refusing a retail liquor license at S. E. Cor. 9th and Catharine streets. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Per Curiam.

Petition for retail liquor license.   Before WILTBANK and McCARTHY, JJ.

It appears from the record that the petition was filed on February 11, 1899.   February 28, 1899, a general order of court relating to hearings and providing that old licenses should be renewed where there is· no specific remonstrance.   March 3, 1899, remonstrance filed.   March 7, 1899, rule to revoke granted returnable March 20.   April 29, 1899, order of court filed dis·charging rule to revoke and refusing the application for a license.   May 5, 1899, petition for rehearing and affidavits filed. May 6, 1899, order refusing rehearing.   Petitioner appealed.

*Errors assigned* were (1) refusing to grant license prayed for. (2) In refusing said license without a hearing of the petitioner. (3) In refusing said license without a specific remonstrance against the same having been proven or sustained by material evidence.

*J. Dolman* and *J. J. Murphy*, for appellant.—The court is bound by its own rules : Kahrer's License, 1 Pa. Dist. Rep. 547.

Under the 7th section of the act of assembly of May 13, 1887, it is submitted the court below was bound to hear appellant or grant his license : Kelminski's License, 164 Pa. 231 ; Johnson's License, 156 Pa. 322.

*Lewis D. Vail* and *D. C. Gibboney*, for appellee, filed no paper-book.

PER CURIAM, November 20, 1899:

The record in this case shows that the petition and remonstrance were heard on March 21 and held under advisement until April 29 when the petition was refused. The presumption is, that the petitioner was accorded a full hearing and that the license was refused for a legal reason. There is nothing on the record to show the contrary. The affidavits filed in support of the petition for a rehearing are not part of the record and the facts therein alleged cannot be considered by us. An application for a rehearing is like a motion for a new trial, and a refusal thereof is ordinarily not reviewable on appeal. There is nothing in this case to take it out of the general rule.

The order is affirmed.